# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

LEWIS J. LEVINE,

        Plaintiff,

-vs-                                      Case No.  8:06-cv-680-T-24MSS

SARASOTA COUNTY SHERIFF'S OFFICE,
WILLIAM BALKWILL, LARRY DUNKLEE,
BOB BANG, RONALD LOCKE, MATT
BINKLEY, CHRISTIAN McGREGOR, JASON
WILL STROM,

        Defendants.
_____/

## O R D E R

      This cause comes before the Court for consideration of Plaintiff's Motion to Remand Action to State Court (Doc. No. 11).  Defendants filed a Memorandum in Opposition thereto (Doc. No. 12), and Plaintiff filed a Response to Defendants' Memorandum in Opposition (Doc. No. 13).

      Plaintiff lists two grounds for remand.  First, Plaintiff contends that Defendants' notice of removal was improper because Defendants did not each file the required written consent separately, and second, Plaintiff argues that this case cannot be removed from state court because at least one of the Defendants is a citizen of the State of Florida, who was being originally sued in a Florida state court on state law claims.

      Plaintiff's first ground is without merit.  All the Defendants joined in a single removal petition (Doc. No. 1) and are not required to each file a separate written consent.  Accordingly, there were no defects in Defendants' notice of removal as to the Defendants' joinder or consent.

Plaintiff's second ground is equally without merit.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, and the action was properly removed by Defendants pursuant to 28 U.S.C. § 1441 because this is a civil action over which the district courts have original jurisdiction founded on a claim or right arising under the laws of the United States.  Plaintiff specifically asserts in his Amended Complaint that this case arises under 42 U.S.C. §§ 1983 and 1988.  The fact that a Defendant is a citizen of the State of Florida or that there may be some state claims alleged in the complaint does not divest this Court of its federal question jurisdiction.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand Action to State Court (Doc. No. 11) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 18th day of July, 2006.


Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge


Copies to All Parties
 and Counsel of Record