**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LEWIS J. LEVINE,

                Plaintiff,

-vs-                                        Case No. 8:06-cv-680-T-24MSS

SARASOTA COUNTY SHERIFF'S OFFICE,
WILLIAM BALKWILL, LARRY DUNKLEE,
BOB BANG, RONALD LOCKE, MATT
BINKLEY, CHRISTIAN McGREGOR, JASON
WILL STROM,

                Defendants.
_____/

## O R D E R

This cause comes before the Court for consideration of Defendants' Motion to Dismiss Amended Complaint (Doc. No. 8). Plaintiff filed a Response in opposition thereto (Doc. No. 15).

Plaintiff filed a single-count Amended Complaint alleging a violation of 42 U.S.C. § 1983 against all named Defendants, who Plaintiff alleges acted in their official capacities as employees of the Sheriff[1] or as the Sheriff himself. Plaintiff alleges a series of encounters with multiple employees of the Sheriff at various times over the past two years. Plaintiff asserts that the conduct alleged in the Amended Complaint entitles Plaintiff to damages for pain and suffering, emotional distress, humiliation and injury to reputation. Defendants move this Court to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Defendants' motion and arguments are well-taken.

---

[1] The Court finds that Plaintiff has not alleged any claim against any Defendant in an individual capacity. The Amended Complaint clearly alleges the claim against Defendants only in their official capacities.

Defendants first argue that the claim against the Sheriff in his official capacity must be dismissed because Plaintiff has failed to demonstrate either the existence of an underlying constitutional violation, or that a policy or custom of the Sheriff caused Plaintiff any constitutional injury. In order to assert a § 1983 claim, the specific constitutional deprivation must be identified. Graham v. Connor, 490 U.S. 386, 394 (1989).

The Court agrees that Plaintiff's Amended Complaint does not allege any underlying constitutional violation and does not allege that any policy or custom of the Sheriff caused Plaintiff any constitutional injury. The Amended Complaint fails to cite any specific federal constitutional provision as a basis for Plaintiff's § 1983 claim. As such, the claim fails to state a cause of action and must be dismissed.

Defendants next contend that the Amended Complaint should be dismissed for failure to plead short and plain statements of claims showing Plaintiff is entitled to relief as required by Rule 8 of the Federal Rules of Civil Procedure. The Court finds that Plaintiff has sufficiently complied with Rule 8. Defendants also argue, however, that the Amended Complaint violates Rule 10(b) of the Federal Rules of Civil Procedure because each claim founded upon a separate transaction is not stated in a separate count. Rather, Defendants assert that Plaintiff's single claim is based on multiple, overlapping sets of facts relating to multiple defendants involved in multiple alleged incidents. This Court agrees. Plaintiff states in his Response to Defendants' Motion to Dismiss that he "has filed a *multiple count* Amended Complaint . . . ." (Doc. No. 15 at ¶ 1)(emphasis added). On the contrary, the Amended Complaint alleges a single count consisting of multiple alleged incidents. Plaintiff should separate each claim into a separate count with the facts supporting each

claim set forth in the paragraphs included in each count. Plaintiff must identify each claim that he is pursuing in the title of the count.

Finally, Defendants allege that the Amended Complaint must be dismissed as to Defendant Sarasota Sheriff's Office for failure to name the proper party. This Court agrees. Florida law provides that the proper party to be sued for the alleged wrongful acts of sheriff's deputies is the sheriff, the constitutional officer. See Fla. Stat. § 768.28(9). Accordingly, the "Sarasota County Sheriff's Office" is dismissed from this action as an improper party.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Amended Complaint (Doc. No. 8) is **GRANTED**. Plaintiff may file a second amended complaint by **August 7, 2006**. The second amended complaint must rectify the issues addressed in this order; i.e., Plaintiff must specifically identify the constitutional violation or violations being alleged, and Plaintiff should separate each claim into a separately titled count with the facts supporting each claim set forth in the paragraphs included in each count. Failure to file a second amended complaint by **August 7, 2006** will result in this case being dismissed without further notice.

**DONE AND ORDERED** at Tampa, Florida, this 18th day of July, 2006.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to All Parties
 and Counsel of Record