UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEWIS J. LEVINE,

          Plaintiff,

-vs-                                                Case No.  8:06-cv-680-T-24MSS

SARASOTA COUNTY SHERIFF
WILLIAM F. BALKWILL,

          Defendant.
_____/

## **O R D E R**

This cause comes before the Court for consideration of Defendant's Motion to Dismiss Amended Complaint (Doc. No. 22).  Plaintiff has failed to file a response in opposition thereto.[1]

Plaintiff filed a single-count Amended Complaint alleging a violation of 42 U.S.C. § 1983 against Defendant.  Plaintiff alleges a series of encounters with multiple employees of the Sheriff at various times over the past two years.  Plaintiff asserts that the conduct alleged in the Amended Complaint entitles Plaintiff to damages for pain and suffering, emotional distress, humiliation and injury to reputation.

Defendant moves this Court to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  Defendant's motion and arguments are well-taken, adopted and incorporated herein. For the reasons stated in Defendant's motion, the Court finds that § 1983 claim against the Sheriff

---

[1] On September 11, 2006, this Court entered an order directing Plaintiff to file a response to Defendant's motion by September 29, 2006 or to show cause in writing by September 29, 2006 why the Court should not consider Defendant's motion without a response by Plaintiff.  Plaintiff failed to file a response or to show cause in writing.

in his official capacity fails because the Amended Complaint does not demonstrate the existence of any underlying constitutional violation by the individual deputies, which is a prerequisite for examining the purported policies and/or customs of the Sheriff.  Plaintiff's equal protection claim fails because Plaintiff fails to identify himself as a member of a protected, suspect classification. Plaintiff's failure to train claim fails because there is no underlying equal protection claim.  Finally, Plaintiff's Fourth Amendment claim fails because the facts alleged by Plaintiff fail to demonstrate any search or seizure, unreasonable or otherwise, occurred in Plaintiff's encounters with the individual deputies.

Accordingly, it is **ORDERED AND ADJUDGED** that  Defendant's Motion to Dismiss Amended Complaint (Doc. No. 22) is **GRANTED**.  The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** at Tampa, Florida, this 31st day of October, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to All Parties
 and Counsel of Record